**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **E.S., A.S.-1, and A.S.-2**

**No. 25-73** (Mason County CC-26-2024-JA-37, CC-26-2024-JA-38, and CC-26-2024-JA-39)

**MEMORANDUM DECISION**

Petitioner A.N.[1] appeals the Circuit Court of Mason County's November 20, 2024, order terminating her parental rights to A.S.-1 and A.S.-2, and her custodial rights to E.S., arguing that the circuit court abused its discretion by denying her motion for a post-adjudicatory improvement period.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In May 2024, the DHS filed a petition in the Circuit Court of Wood County alleging that the petitioner, the mother of A.S.-1 and A.S.-2 and custodian of E.S., abused and neglected the children by subjecting them to unsafe housing conditions and subjecting E.S. to inappropriate physical discipline. The DHS noted that when Child Protective Services personnel made contact with the petitioner, she appeared unable to follow the conversation and displayed erratic behavior. The DHS also alleged that the petitioner and the children were the subjects of prior abuse and neglect proceedings in 2021 involving inappropriate housing, but ultimately, the children were returned upon the petitioner's successful completion of her improvement period. Following a preliminary hearing in June 2024, the case was transferred to the Circuit Court of Mason County.

At the adjudicatory hearing in August 2024, the petitioner stipulated to the allegation of unsafe housing conditions in the petition. Based upon this stipulation, the circuit court adjudicated the petitioner of neglecting the children. The DHS and guardian then proffered to the court that the DHS had provided the petitioner with drug screening services, but that the petitioner had been noncompliant. As a result, the court ordered the petitioner to submit to drug screens.

The petitioner then filed a motion for a post-adjudicatory improvement period, which the circuit court considered at a hearing in September 2024. The petitioner testified that she would

---

[1] The petitioner appears by counsel M. Gideon Arrington. The West Virginia Department of Human Services ("DHS") appears by counsel Attorney General John B. McCuskey and Assistant Attorney General Wyclif S. Farquharson. Counsel Joshua W. Downey appears as the children's guardian ad litem ("guardian").

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e). Because two children share the same initials, we use numbers to differentiate them.

comply with the terms and conditions of an improvement period and that she had successfully completed an improvement period during the 2021 abuse and neglect proceedings. However, the petitioner acknowledged that she had missed several drug screens during the pendency of the current proceedings and that she had tested positive for methamphetamine, which she asserted was the result of her touching the substance. The petitioner also admitted to using methamphetamine in the past, but she claimed that she had stopped using several years earlier. The DHS and the guardian argued that an improvement period would be inappropriate due to the petitioner's noncompliance with drug screening. The guardian further argued that any services offered pursuant to an improvement period would simply be a repeat of services offered during the 2021 proceedings, which involved conditions mirroring those in the current matter. At the conclusion of the hearing, the court found that the petitioner had failed to demonstrate by clear and convincing evidence that she would be likely to fully participate in an improvement period and denied her motion.

The court held a dispositional hearing in October 2024, where the petitioner expressed her desire to voluntarily relinquish her parental and custodial rights to the children. After noting that the petitioner's relinquishment was made in the face of a pending motion to terminate the petitioner's rights, the court engaged in a colloquy with the petitioner under oath. Based upon this colloquy, the court determined that the petitioner's relinquishment was "voluntary, informed, and willing" and accepted the petitioner's relinquishment. Accordingly, the circuit court terminated the petitioner's parental rights to A.S.-1 and A.S.-2 along with her custodial rights to E.S.[3] It is from the dispositional order that the petitioner appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, the petitioner argues that the circuit court abused its discretion by denying her motion for a post-adjudicatory improvement period. Under West Virginia Code § 49-4-610(2)(B), a parent *may* be granted an improvement period if the parent "demonstrates, by clear and convincing evidence, that [she] is likely to fully participate in the improvement period." The petitioner asserts that her testimony and her cooperation with the DHS demonstrated her willingness to comply with the terms of an improvement period. However, contrary to this assertion, the record shows that the petitioner did not complete required drug screenings, missed several appointments, and tested positive for methamphetamine. Further, although the petitioner was afforded the benefits of an improvement period to address her inappropriate and unsafe housing conditions in a previous case, these same issues resurfaced in the present case. As a result, we conclude that the circuit court did not abuse its discretion in denying the petitioner's motion for a post-adjudicatory improvement period. *See In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002) ("The circuit court has the discretion to refuse to grant an improvement period when no improvement is likely.").

---

[3] The parental rights of the children's father were also terminated. Additionally, the circuit court terminated the parental rights of E.S.'s mother. The permanency plan for the children is adoption in their respective foster placements.

For the foregoing reasons, we find no error in the decision of the circuit court, and its November 20, 2024, order is hereby affirmed.

Affirmed.

**ISSUED**: November 25, 2025

**CONCURRED IN BY**:

Chief Justice William R. Wooton
Justice C. Haley Bunn
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Senior Status Justice John A. Hutchison

3